**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**NATIONWIDE PROPERTY & CASUALTY
INSURANCE COMPANY**                                          **PLAINTIFF**

**VS.**                          **CIVIL ACTION NO.**  _3:22-cv-403-CWR-LGI_

**MIKELL BUCKLEY; NICOLE DONALD;
HUNTINGTON LUMBER & SUPPLY COMPANY, INC.;
JOHN HUNTINGTON; ABC INDIVIDUALS 1-20
AND XYZ ENTITIES 1-20**                                      **DEFENDANTS**

---

**COMPLAINT FOR DECLARATORY JUDGMENT**

---

      **COMES NOW,** the Plaintiff, Nationwide Property & Casualty Insurance Company ("Nationwide"), by and through its undersigned counsel, and files this, its Complaint for Declaratory Judgment against the Defendants named herein, and in support hereof would show unto the Court the following, to wit:

**<u>INTRODUCTORY NOTE</u>**

      1.    This is a declaratory judgment action seeking a declaration as to whether Nationwide Policy Nos. ACP GLKO 5654994061, ACP GLKO 5664994061, ACP GLKO 5674994061, ACP GLKO 5684994061, with policy periods covering from April 8, 2016 to April 8, 2020, inclusively (collectively "Nationwide's Primary Policy", a true and correct copy of which are attached hereto as **Composite Exhibit "A"**), Nationwide Policy Nos. ACP BPWK5654994061, ACP BPWK5664994061, ACP BPWK5674994061, ACP BPWK5684994061, with policy periods covering from April 8, 2016 to April 8, 2020, inclusively (collectively "Nationwide's Businessowners Policy", a true and correct copy of which are attached hereto as **Composite Exhibit "B"**) as well as Nationwide Commercial Umbrella Policy Nos. ACP CAF 5654994061; ACP CAF 5664994061; ACP

CAF 5674994061; ACP CAF 5684994061 with policy periods covering from April 8, 2016 to April 8, 2020, inclusively (collectively "Nationwide's Umbrella Policy" **Composite Exhibit "C"**), provide coverage for the claims made against Nationwide's insureds, Huntington Lumber & Supply Company, Inc. and John Huntington (collectively "Huntington"), which are the subject of the Complaint for Accounting and Damages filed by Defendants, Mikell Buckley and Nicole Donald (hereinafter "Underlying Plaintiffs"), on April 19, 2019 ("the Underlying Complaint"), a true and correct copy of said Underlying Complaint is attached hereto as **Exhibit "D"**, and is incorporated herein by reference.

## <u>PARTIES</u>

2.     Plaintiff, Nationwide, is a foreign insurance corporation organized under the laws of the State of Ohio, with its principal place of business in Columbus, Ohio.

3.     Defendant, Huntington Lumber & Supply Company, Inc., is a Mississippi Business Corporation, which may be served through its registered agent for service of process, Davit T. Hntingon, who may be found at 124 West Whitworht Street, Hazelhurst, Copiah County, Mississippi, or by any other means allowable under the Federal Rules of Civil Procedure.

4.     Defendant, John Huntington, is an adult resident citizen of Copiah County, Mississippi, who may be served process of this Court where he may be found at may be found at 124 West Whitworht Street, Hazelhurst, Copiah County, Mississippi, or by any other means allowable under the Federal Rules of Civil Procedure.

5.     Defendant, Mikell Buckley, is an adult resident citizen of Copiah County, Mississippi, who may be served process of this Court where he may be found at may be

found at 1039 Hennington Lane, Crystal Springs, Copiah County, Mississippi, or by any other means allowable under the Federal Rules of Civil Procedure.

6.    Defendant, Nicole Donald**,** is an adult resident citizen of Copiah County, Mississippi, who may be served process of this Court where he may be found at may be found at 1039 Hennington Lane, Crystal Springs, Copiah County, Mississippi, or by any other means allowable under the Federal Rules of Civil Procedure.

7.    ABC INDIVIDUALS 1-20 and XYZ ENTITIES 1-20 are individuals or entities whose identities are unknown or whose whereabouts are unascertainable, who, once their identities are make known, or their whereabouts are ascertainable, will be added by amendment, in accordance with Rule 15 of the Federal Rules of Civil Procedure.

8.    The Defendants, Mikell Buckley and Nicole Donald, named herein have been named as party Defendants to this civil action so that any Order or Judgment rendered in this matter, as to the existence of coverage owed to Defendant, Huntington Lumber & Supply Company, Inc., and John Huntington, if any, by Nationwide, will be binding upon all said Defendants under the theories of *res judicata* and/or collateral estoppel. Therefore, pursuant to *Coleman v. Mississippi Farm Bureau Ins. Co.*, 708 So. 2d 6 (Miss. 1998), all of said Defendants have been added as parties, pursuant to Rule 19(a) of the Federal Rules of Civil Procedure, as each one of the Defendants' presence is necessary and indispensable for complete and final adjudication of the issues presented herein.

## **JURISDICTION**

9.    This Court has jurisdiction pursuant to 28 U.S.C. § 2201 in that this civil action involves a declaratory judgment. Further, this Court has jurisdiction pursuant to

28 U.S.C. § 1332 in that the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest.

10.     Rule 57 of the Federal Rules of Civil Procedure provides that Nationwide may seek a declaration from this Court as to the rights and obligations among and between the parties in relation to the Nationwide's Primary Policy, Nationwide's Businessowner's Policy, and Nationwide's Umbrella Policy, including, but not limited to, whether Nationwide has an obligation to provide a defense and/or coverage to Huntington as to the claims made against it in the Underlying Plaintiffs' Underlying Complaint.

11.     An actual controversy exists as between the parties.

## VENUE

12.     Venue is proper in this Court, including, but not limited to, pursuant to 28 U.S.C. § 1391 in that one or more of the defendants, herein, resides in the Northern Division of the Southern District of Mississippi.

## CHOICE OF LAW

13.     Mississippi law applies to the matters placed in issue in this Complaint.

## FACTS: THE UNDERLYING COMPLAINT

14.     This matter relates to claims made in the Underlying Complaint filed by the Underlying Plaintiffs against, Nationwide's insureds, Huntington, hereinafter for damages related to the construction of the Underlying Plaintiffs' house located in Copiah County, Mississippi.

15.     The Underlying Plaintiffs allege that they contracted with Huntington for the construction of their house in Copiah County Mississippi, for the original construction cost of $388,642. The Underlying Plaintiffs further allege that Huntington breached said

contract by not completing the work of the contract on or before October 31, 2017 for the contract price. *See* **Exhibit "D"** at ¶4-5.

16.     The Underlying Plaintiffs further allege that they have paid Huntington, as of the filing of the Underlying Complaint $534,000 with the construction of the house not reaching completion. The Underlying Plaintiffs further allege that the construction the house is not been performed in a substantial, workmanlike manner. *See* **Exhibit "D"** at ¶6.

17.     Underlying Plaintiffs further allege that on July 11, 2017, they entered into a supplemental contract with Huntington which set out that the total price to complete the house was to be $47,470.37. This notwithstanding, the pool the Underlying Plaintiffs allege that they had paid Huntington an additional $238,240.84 after July 11, 2017.

18.     Underlying Plaintiffs allege that they have overpaid Huntington the amount of $190,770.47 and are entitled to damages for same in the nature breach of contract. *See* **Exhibit "D"** at ¶8-9.

19.     Furthermore, the Underlying Plaintiff's as result of the above allegations, seek an accounting as to the Underlying Plaintiffs payments and Huntington's expenses and costs in their performance of the original 2016 Construction Contract and the 2017 supplemental construction contract. *See* **Exhibit "D"** at ¶10.

20.     The Underlying Plaintiffs further allege that Huntington has breached its duties to them and have violated the warranty of habitability in the implied warranty of merchantability and fitness with respect to the dwelling, itself. The Underlying Plaintiffs further allege that Huntington has committed negligence and its failure to perform its obligations in a workmanlike manner and to construct the house in a manner reasonably

commensurate with the then skill, knowledge and technology prevailing in the construction industry at the time of the undertaking. *See* **Exhibit "D"** at ¶11-12.

21.     The Underlying Plaintiffs further allege that as a direct and proximate result of Huntington's breach of its duties to the Underlying Plaintiffs, the Underlying Plaintiffs, each one of them, has suffered severe mental anguish and emotional distress in the amount of $250,000 each. *See* **Exhibit "D"** at ¶15.

22.     Furthermore, the Underlying Plaintiffs allege that Huntington's actions were "willful, intentional, malicious, and in reckless disregard of the plaintiff's rights" justifying an award of $500,000 for each Underlying Plaintiff and punitive damages. *Id.*

23.     The Underlying Plaintiffs continue that as a consequence of Huntington's breach of its duties, the Underlying Plaintiffs have suffered damage to their home and foundation, specifically in the following areas:

      a.  some of the tongue and groove boards in the ceiling of warped;

      b.  some of the doors have warped;

      c.  the roof leaks on the porch when it rains;

      d.  the Thermo door leaks when the wind is blowing in a certain direction during a rainstorm;

      e.  no insulation under the dog run door cabinets are not properly aligned;

      f.  the doors and cabinets in the utility room stick;

      g.  on the sleeping porch, the heads of screws used for construction are visible;

      h.  the bathroom door is warped at the bottom;

      i.  bathroom cabinets are not flush;

j.   shower door still leaks;

k.   pulls on master hi-boy are not aligned;

l.   poor caulking around windows;

m.  there 10 cent light switch covers;

n.   in a substantial portion of the house, wallpaper is not cut and laid straight with seams down the middle;

o.   there is a visible seam in wallpaper;

p.   there is a gap between the sheet rock in the fireplace wall which is not been caulked or sealed;

q.   also with the fireplace, the portion that is on the outside porch, the siding does not reach the side of the fireplace;

r.   stairs are not flush against the house;

s.   the concrete garage has cracks in i;t

t.   order leaks to the vent-a-hood in the kitchen

u.   the vent-a-hood is full of water;

v.   microwave shorted out, smells like burning plaster;

w.   grout holding bricks on the fireplace on the outside and inside of the house is falling out of the house;

x.   ran out of paint in the house and painted part of the house with different color;

y.   paint on the outside of the house appears to be only one coat;

z.   the bricks on the back of the house do not match the bricks on the front of the house;

aa. nail/screw holes showing on deck ;

bb. rough edges on siding and visible seams;

cc. screen is sagging;

dd. would on porch not sanded before painting;

ee. cracked and split beams on the porch;

ff. exposed nail heads;

gg. due to the fireplace mortar issue, a chimney sweep should inspect the fireplace for safety reasons;

hh. the door seals are not properly installed on several doors;

ii. dummy door handle sag; and

jj. damage to the foundation and possibly latent defects of which plaintiff has no knowledge at this time.

The Underlying Plaintiff alleges that Huntington's breach of its duties caused these damages in an amount equal to the reasonable cost of repairing same plus diminution in value after repairs are made. *See* **Exhibit "D"** at ¶16.

24.   The Underlying Plaintiffs further allege that Huntington fabricated and filed a fraudulent construction lien in the amount of $30,816.37 on October 26, 2018 against their property. The Underlying Plaintiffs allege that Huntington knew that the lien was not valid and that the Underlying Plaintiffs are entitled to statutory penalty in the amount of three times the full amount of of the lien in the amount of $92,449.11. *See* **Exhibit "D"** at ¶17-18.

25.   On account of all these claims, Underlying Plaintiffs seek damages in the amount of $336,128.47 for breach of contract, cost for the repair of defective and damaged work to the house, $500,000 in punitive damages for each of the Underlying Plaintiffs, $250,000 for each Underlying Plaintiff for "severe mental anguish and emotional

distress", $92,449.11 for statutory penalties related to the falsely filed lien, attorneys fees, cost and interest, pre-and post judgment.  *See* **Exhibit "D"** at *ad damndum*.

## NATIONWIDE'S PRIMARY POLICY

26.     Nationwide issued four Primary Policies to Hunntington being Nationwide Policy Nos. ACP GLKO 5654994061, ACP GLKO 5664994061, ACP GLKO 5674994061, ACP GLKO 5684994061, with policy periods covering from April 8, 2016 to April 8, 2020. See **Composite Exhibit "A".**  Because the policies are substantively similar, Nationwide will refer to them in the singular.

27.     Nationwide's Primary Policy provides, in part, as follows:

Part A of Nationwide's Primary Policy provides the following in its Insuring Agreement:

a.      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1)     The amount we will pay for damages and "defense expenses" is limited as described in Section III - Limits Of Insurance; and

(2)     Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements and "defense expenses" under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.

9

b. This insurance applies to "bodily injury" and "property damage" only if:

 (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

 (2) The "bodily injury" or "property damage" occurs during the policy period; and

 (3) Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

(1)    Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2)    Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3)    Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

e.    Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

*See* **Composite Exhibit "A"**, Section 1—Coverages, Coverage A, ¶1, Insuring Agreement.

28.    Within the Nationwide Primary Policy, "bodily injury" is defined as "physical injury, sickness, or disease sustained by a person, including death resulting from any of these at any time." *See* **Composite Exhibit "A"**, Section V. Definitions at ¶3.

29.    The allegations contained in the Underlying Complaint do not make a claim for damages because of "bodily injury" as that term is defined in Nationwide's Primary Policy.

30.    Within the Nationwide Primary Policy, "property damage" is defined as being related to "tangible property." *See* **Composite Exhibit "A"**, Section V. Definitions at ¶17. Specifically, Nationwide's Primary Policy defines "property damage" as

a.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

> b.   Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.
>
> ...

**Composite Exhibit "A"**, Section V, Definitions at ¶17.

31.   As to the claims for damages related to alleged breach of contract and accounting, such claims are not damages that Huntington is legally obligated "to pay" "because of 'property damage'" as defined under Nationwide's Primary Policy.

32.   As to the claims for mental and emotional distress, such claims are not damages "because of 'bodily injury'" as defined under Nationwide's Primary Policy.

33.   To the extent that the damages claimed by Underlying Plaintiffs constitute damages because of "bodily injury" or "property damage", that injury or damage still must be caused by an "occurrence", as that term is defined under the Nationwide's Primary Policy, for coverage to lie.

34.   The Nationwide's Primary Policy defines "occurrence" as follows:

> "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
>
> An accident shall include:
>
> a.   "Bodily injury," or
>
> b.   "Property damage" to:
>
>> (1)   The property of others, or
>>
>> (2)   "Your work", if "your work" was:
>>
>>> (a)   Damaged by the work of a subcontractor who performed work on your behalf in the construction, alteration, renovation, repair or maintenance of a building,

structure, highway, road, bridge, water line, sewer line, oil line, gas line, appurtenance or other improvement ot real property, including any moving, demolition or excavation, and;

(b)     The resulting "property damage" is included in the "products completed operations hazard."

**Composite Exhibit "A"**, Section V, Definitions at ¶13, as amended by Definition of Occurrence Amendatory Endorsement for Construction Defects (CG 72 87 12 11).

35.     Some or all of the Underlying Complaint does not allege an "accident" giving rise to an "occurrence" as those terms are defined by Nationwide's Primary Policy.

36.     To the extent that Underlying Plaintiffs' claims against Huntington are derivative of intentional conduct of either itself of one of its subcontractors, just as such subcontractor's conduct would not fall within the definition of an "occurrence" under Nationwide's Primary Policy, neither would the related derivative claims made against Huntington.

37.     Underlying Plaintiffs' claims for breach of contract, breach of implied warranties and breach of express warranties against Huntington for the provision of allegedly defective workmanship in the construction of the house at issue do not allege property damage caused by an "accident", and thus an "occurrence" as that term is defined under Nationwide's Primary Policy.

38.     Underlying Plaintiffs' claims that Huntington's actions were "willful, intentional, malicious, and in reckless disregard of the plaintiff's rights" justifying an award of $500,000 for each Underlying Plaintiff and punitive damages do not constitute claims of damage caused by an "accident" and thus an "occurrence" as that term is defined by Nationwide's Primary Policy.

39.     Nationwide's Primary Policy states, in pertinent part as follows:

This insurance does not apply to:  . . .

a.      Expected or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

**Composite Exhibit "A"**, Section I, Coverage A- at ¶ 2. a.

40.     To the extent that the claims made in the Underlying Complaint do not constitute an "occurrence" under Nationwide's Primary Policy, as such, these claims would, also, thus, be subject to the "Expected or Intentional Injury" exclusion as well.

41.     Nationwide's Primary Policy states, in pertinent part as follows:

This insurance does not apply to:  . . .

b.      Contractual Liability Exclusion

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.  This exclusion does not apply to liability for damages:

(1)      That the insured would have in the absence of the contract or agreement; or

(2)      Assumed in a contract or agreement that is an "insured contract"[1], provided the "bodily injury"

---

[1]      Nationwide's Primary Policy defines an "insured contract" as:

a.      A contract for a lease of premises.  However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to your or temporarily occupied by you with permission of the owner is not an "insured contract";

b.      A sidetrack agreement;

c.      Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract," reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage," provided:

---

d.     An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

e.     An elevator maintenance agreement;

f.     That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization, provided that the "bodily injury" or "property damage" is caused, in whole or in part, by our or by those actin on your behalf. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

Paragraph f. does not include that part of any contract or agreement:

(1)     That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing;

(2)     That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

(a)     Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

(b)     Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage; or

(3)     Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in (2) above and supervisory, inspection, architectural or engineering activities.

*See* **Composite Exhibit "A"**, Section V, ¶9.

(a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

(b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applied are alleged.

**Composite Exhibit "A"**, Section I, ¶ 2(b).

42.     The Contractual Liability Exclusion contained in Nationwide's Primary Policy excludes coverage for some or all of the allegations contained in the Underlying Plaintiffs' Underlying Complaint.

43.     Nationwide's Primary Policy states, in pertinent part as follows:

(1) "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants"[2]:

(A) At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured. However, this subparagraph does not apply to:

. . .

(ii) "Bodily injury" or "property damage" for which you may be held liable, if you are a contractor and the owner or lessee of such premises, site or location has been added

---

2       Nationwide's Primary Policy defines "pollutants" as:

[A]ny solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalids, chemicals and waste.  Waste includes materials to be recycled, reconditioned or reclaimed.

**Composite Exhibit "A"**, Section V.- Definitions, ¶15.

> policy as an additional insured with respect to your ongoing operations performed for that additional insured at that premises, site or location and as such premises, site or location is not and never was owned or occupied by, or rented or loaned to, any insured, other than that additional insured; or

> . . .

**Composite Exhibit "A"**, Section I, Coverages, ¶ 2(f)(1)(a)(ii).

44.     The Pollution Exclusion contained in Nationwide's Primary Policy excludes coverage for some or all of the allegations contained in the Underlying Plaintiffs' Underlying Complaint.

45.     Nationwide's Primary Policy states, in pertinent part as follows:

This insurance does not apply to:  . . .

> a.     Damage to your work

> "Property damage" to "your work"[3] arising out of it or any part of it and included in the "products-completed operations hazard".

---

[3]     Nationwide's Primary Policy defines "your work" as:

  A.     Work or operations performed by you or on your behalf; and
  B.     Materials, parts or equipment furnished in connection with such work or operations.

"Your work" includes:

  A.     Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and
  B.     The providing of or failure to provide warnings or instructions.

*See* **Composite Exhibit "A"**, Section V, ¶8.

> This exclusion does not apply if the damaged work or the work out of which damage [] arises, was performed on your behalf by a subcontractor.

**Composite Exhibit "A"**, Section I - Coverage A, ¶ 2(*l*)

46.    The Damage to Your Work Exclusion contained in Nationwide's Primary Policy excludes coverage for some or all of the allegations contained in the Underlying Plaintiffs' Underlying Complaint.

47.    Nationwide's Primary Policy states, in pertinent part as follows:

This insurance does not apply to:  . . .

> f.    Damage to Impaired Property or Property not Physically Injured
>
> "Property damage" to "impaired property"[4] or property that has not been physically injured, arising out of:
>
> (1)    A defect, deficiency, inadequacy or dangerous condition, "your product" or "your work";  or
>
> (2)    A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with the terms.

---

[4]    "Impaired property" is defined as:

> Tangible property, other than "your product" or "your work", that cannot be used or is less useful because:
>
> a.    Incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous;  or
>
> b.    You have failed to fulfill the terms of a contract or agreement;
>
> If such property can be restored to use by:
>
> a.    The repair, replacement, adjustment or removal of "your product" or "your work";  or
>
> b.    Your fulfilling the terms of the contract or agreement.

*See* **Composite Exhibit "A"**, Section V, ¶ 7.

> This Exclusion does not apply to loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

**Composite Exhibit "A"**, Section I, ¶ 2(m).

48.     The Damage to Impaired Property or Property not Physically Injured Exclusion contained in Nationwide's Primary Policy excludes coverage for some or all of the allegations contained in the Underlying Plaintiffs' Underlying Complaint.

49.     In addition to the coverages contained in Part A, Nationwide's Primary Policy also contains the following coverage in Part B, which provides as follows:

> a.     We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against ant "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.  We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:
>
> (1)     The amount we will pay for damages and "defense expenses" is limited as described in Section III - Limits Of Insurance; and
> (2)     Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements and "defense expenses" under Coverages A or B or medical expenses under Coverage C.
>
> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.
>
> b.     This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

**Composite Exhibit "A"**, at Section I, Coverage B Personal and Advertising Injury Liability, ¶1. Insuring Agreement.

50.     Nationwide's Primary Policy defines "personal and advertising injury" as follows:

> Injury, including consequential "bodily injury", arising out of one or more of the following offenses:
>
> a.      False arrest, detention or imprisonment;
> b.      Malicious prosecution;
> c.      The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premise that a person occupies, committed by or on behalf of its owner, landlord or lessor;
> d.      Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
> e.      Oral or written publication, in any manner, of material that violates a person's right of privacy;
> f.      The use of another's advertising idea in your "advertisement"; or
> g.      Infringing upon another's copyright, trade dress or slogan in your "advertisement".

*See* **Composite Exhibit "A"**, Section V, at ¶14.

51.     The allegations contained in the Underlying Complaint do not trigger coverage under Part B to Nationwide's Primary Policy.

52.     Nationwide's Primary Policy contains the following exclusionary endorsement:

**FUNGI OR BACTERIA EXCLUSION**

> A.      The following exclusion is added to Paragraph 2. Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability:

2.      Exclusions

This insurance does not apply to:

Fungi Or Bacteria

a.      "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

b.      Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for consumption.

B.      The following exclusions are added to Paragraph 2. Exclusions of Section I – Coverage B – Personal and Advertising Injury Liability:

1.      Exclusions

This insurance does not apply to:

Fungi or Bacteria

a.      This insurance does not apply to "personal and advertising injury" which would not have taken place, in whole or in part, but for the actual, alleged or threatened inhalation of, contact with, exposure to, existence of, or presence of,

any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

b.      This insurance Does not apply to any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

C.      The following definition is added to the Definitions Section:

"Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents, or byproducts produced or released by fungi.

*See* **Composite Exhibit "A"**, Fungi or Bacteria Exclusion Endorsement (CG 21 67 12 04).

53.      Some or all of the claims as alleged in the Underlying Complaint are excluded by the Fungi or Bacteria Exclusion Endorsement contained in Nationwide's Primary Policy.

## NATIONWIDE'S BUISNESSOWNERS POLICY

54.      Nationwide issued four Businessowners Policies to Hunntington being Policy Nos. ACP BPWK5654994061, ACP BPWK5664994061, ACP BPWK5674994061, ACP BPWK5684994061, with policy periods covering from April 8, 2016 to April 8, 2020, inclusively. *See* **Composite Exhibit "B"**.  Because the policies are substantively similar, Nationwide will refer to them in the singular.

55.     Nationwide's Businessowner's Policy provides, in part, as follows:

Part A of Nationwide's Businessowner's Policy provides the following in its Insuring Agreement:

a.      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1)     The amount we will pay for damages and "defense expenses" is limited as described in Section III - Limits Of Insurance; and

(2)     Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements and "defense expenses" under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.

b.      This insurance applies to "bodily injury" and "property damage" only if:

(1)     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2)     The "bodily injury" or "property damage" occurs during the policy period; and

(3)    Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part.  If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c.    "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d.    "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

(1)    Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2)    Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3)    Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

e.   Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

*See* **Composite Exhibit "B"**, Section 1—Coverages, Coverage A, ¶1, Insuring Agreement.

56.   Within Nationwide's Businessowner's Policy, "bodily injury" is defined as "physical injury, sickness, or disease sustained by a person, including death resulting from any of these at any time."  *See* **Composite Exhibit "B"**, Section V. Definitions at ¶3.

57.   The allegations contained in the Underlying Complaint do not make a claim for damages because of "bodily injury" as that term is defined in Nationwide's Businessowner's Policy.

58.   Within the Nationwide Businessowner's Policy, "property damage" is defined as being related to "tangible property."  *See* **Composite Exhibit "B"**, Section V. Definitions at ¶17.  Specifically, Nationwide's Businessowner's Policy defines "property damage" as

a.   Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.   Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.
...

**Composite Exhibit "B"**, Section V, Definitions at ¶17.

59.     As to the claims for damages related to alleged breach of contract and accounting, such claims are not damages that Huntington is legally obligated "to pay" "because of 'property damage'" as defined under Nationwide's Businessowner's Policy.

60.     As to the claims for mental and emotional distress, such claims are not damages "because of 'bodily injury'" as defined under Nationwide's Businessowner's Policy.

61.     To the extent that the damages claimed by Underlying Plaintiffs constitute damages because of "bodily injury" or "property damage", that injury or damage still must be caused by an "occurrence", as that term is defined under the Nationwide's Businessowner's Policy, for coverage to lie.

62.     The Nationwide's Businessowner's Policy defines "occurrence" as follows:

> "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**Composite Exhibit "B"**, Section V, Definitions at ¶13.

63.     Some or all of the Underlying Complaint does not allege an "accident" giving rise to an "occurrence" as those terms are defined by Nationwide's Businessowner's Policy.

64.     To the extent that Underlying Plaintiffs' claims against Huntington are derivative of intentional conduct of either itself of one of its subcontractors, just as such subcontractor's conduct would not fall within the definition of an "occurrence" under Nationwide's Businessowner's Policy, neither would the related derivative claims made against Huntington.

65.     Underlying Plaintiffs' claims for breach of contract, breach of implied warranties and breach of express warranties against Huntington for the provision of

allegedly defective workmanship in the construction of the house at issue do not allege property damage caused by an "accident", and thus an "occurrence" as that term is defined under Nationwide's Businessowner's Policy.

66.     Underlying Plaintiffs' claims that Huntington's actions were "willful, intentional, malicious, and in reckless disregard of the plaintiff's rights" justifying an award of $500,000 for each Underlying Plaintiff and punitive damages do not constitute claims of damage caused by an "accident" and thus an "occurrence" as that term is defined by Nationwide's Businessowner's Policy.

67.     Nationwide's Businessowner's Policy states, in pertinent part as follows:

This insurance does not apply to:  . . .

a.      Expected or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

**Composite Exhibit "B"**, Section I, Coverage A- at ¶ 2. a.

68.     To the extent that the claims made in the Underlying Complaint do not constitute an "occurrence" under Nationwide's Businessowner's Policy, as such, these claims would, also, thus, be subject to the "Expected or Intentional Injury" exclusion as well.

69.     Nationwide's Businessowner's Policy states, in pertinent part as follows:

This insurance does not apply to:  . . .

b.      Contractual Liability Exclusion

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.  This exclusion does not apply to liability for damages:

(1)     That the insured would have in the absence of the contract or agreement; or

(2)     Assumed in a contract or agreement that is an "insured contract"[5], provided the "bodily injury"

---

[5]     Nationwide's Businessowners' Policy defines an "insured contract" as:

a.      A contract for a lease of premises.  However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to your or temporarily occupied by you with permission of the owner is not an "insured contract";

b.      A sidetrack agreement;

c.      Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

d.      An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

e.      An elevator maintenance agreement;

f.      That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization, provided that the "bodily injury" or "property damage" is caused, in whole or in part, by our or by those actin on your behalf.  Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

Paragraph f. does not include that part of any contract or agreement:

(1)     That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing;

(2)     That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

(a)     Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

(b)     Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage; or

or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract," reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage," provided:

(a)     Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

(b)     Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applied are alleged.

**Composite Exhibit "B"**, Section I, ¶ 2(b).

70.     The Contractual Liability Exclusion contained in Nationwide's Businessowner's Policy excludes coverage for some or all of the allegations contained in the Underlying Plaintiffs' Underlying Complaint.

71.     Nationwide's Businessowner's Policy states, in pertinent part as follows:

(1)     "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants"6:

---

(3)     Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in (2) above and supervisory, inspection, architectural or engineering activities.

*See* **Composite Exhibit "B"**, Section V, ¶9.

6       Nationwide's Buisnessowners' Policy defines "pollutants" as:

(A)   At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured. However, this subparagraph does not apply to:

. . .

(ii)   "Bodily injury" or "property damage" for which you may be held liable, if you are a contractor and the owner or lessee of such premises, site or location has been added policy as an additional insured with respect to your ongoing operations performed for that additional insured at that premises, site or location and as such premises, site or location is not and never was owned or occupied by, or rented or loaned to, any insured, other than that additional insured; or

. . .

**Composite Exhibit "B"**, Section I, Coverages, ¶ 2(f)(1)(a)(ii).

72.   The Pollution Exclusion contained in Nationwide's Businessowner's Policy excludes coverage for some or all of the allegations contained in the Underlying Plaintiffs' Underlying Complaint.

73.   Nationwide's Businessowner's Policy states, in pertinent part as follows:

This insurance does not apply to:  . . .

a.   Damage to your work

---

[A]ny solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalidspetroleum products and their derivatives, chemicals and waste.  Such irritants or contaminants are "pollutants" whether or not they have any function in your business, operations, premises, sites or locations.
Waste includes materials to be recycled, reconditioned or reclaimed and livestock, poultry or other animal excrement.

**Composite Exhibit "B"**, Section V.- Definitions, ¶15.

"Property damage" to "your work"⁷ arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which damage [] arises, was performed on your behalf by a subcontractor.

**Composite Exhibit "B"**, Section I - Coverage A, ¶ 2(*l*)

74.     The Damage to Your Work Exclusion contained in Nationwide's Businessowner's Policy excludes coverage for some or all of the allegations contained in the Underlying Plaintiffs' Underlying Complaint.

75.     Nationwide's Businessowner's Policy states, in pertinent part as follows:

This insurance does not apply to:  . . .

f.     Damage to Impaired Property or Property not Physically Injured

"Property damage" to "impaired property"⁸ or property that has not been physically injured, arising out of:

---

[7]     Nationwide's Buisnessowners' Policy defines "your work" as:

A.     Work or operations performed by you or on your behalf; and
B.     Materials, parts or equipment furnished in connection with such work or operations.

"Your work" includes:

A.     Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and
B.     The providing of or failure to provide warnings or instructions.

*See* **Composite Exhibit "B"**, Section V, ¶22.

[8]     Nationwide's Buisnessowners' Policy  defines "Impaired property" as:

Tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

> (1)     A defect, deficiency, inadequacy or dangerous condition, "your product" or "your work";  or
>
> (2)     A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with the terms.
>
> This Exclusion does not apply to loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

**Composite Exhibit "B"**, Section I, ¶ 2(m).

76.     The Damage to Impaired Property or Property not Physically Injured Exclusion contained in Nationwide's Businessowner's Policy excludes coverage for some or all of the allegations contained in the Underlying Plaintiffs' Underlying Complaint.

77.     In addition to the coverages contained in Part A, Nationwide's Businessowner's Policy also contains the following coverage in Part B, which provides as follows:

> b.     We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the

---

> a.     Incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous;  or
>
> b.     You have failed to fulfill the terms of a contract or agreement;
>
> If such property can be restored to use by:
>
> a.     The repair, replacement, adjustment or removal of "your product" or "your work";  or
>
> b.     Your fulfilling the terms of the contract or agreement.

*See* **Composite Exhibit "B"**, Section V, ¶ 8.

insured against ant "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.  We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

(1)   The amount we will pay for damages and "defense expenses" is limited as described in Section III - Limits Of Insurance; and

(2)   Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements and "defense expenses" under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.

b.   This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

**Composite Exhibit "B"**, at Section I, Coverage B Personal and Advertising Injury Liability, ¶1. Insuring Agreement.

78.   Nationwide's Businessowner's Policy defines "personal and advertising injury" as follows:

Injury, including consequential "bodily injury", arising out of one or more of the following offenses:

a.   False arrest, detention or imprisonment;

b.   Malicious prosecution;

c.   The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premise that a person occupies, committed by or on behalf of its owner, landlord or lessor;

d.   Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

e.   Oral or written publication, in any manner, of material that violates a person's right of privacy;

33

f.  The use of another's advertising idea in your "advertisement"; or

g.  Infringing upon another's copyright, trade dress or slogan in your "advertisement".

*See* **Composite Exhibit "B"**, Section V, at ¶14.

79.  The allegations contained in the Underlying Complaint do not trigger coverage under Part B to Nationwide's Businessowner's Policy.

80.  Nationwide's Businessowner's Policy contains the following exclusionary endorsement:

**FUNGI OR BACTERIA EXCLUSION**

A.  The following exclusion is added to Paragraph 2. Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability:

2.  Exclusions

This insurance does not apply to:

Fungi Or Bacteria

a.  "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

b.  Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects

of, "fungi" or bacteria, by any insured or by any other person or entity.

This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for consumption.

C.    The following exclusions are added to Paragraph 2. Exclusions of Section I – Coverage B – Personal and Advertising Injury Liability:

2.    Exclusions

This insurance does not apply to:

Fungi or Bacteria

a.    This insurance does not apply to "personal and advertising injury" which would not have taken place, in whole or in part, but for the actual, alleged or threatened inhalation of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

b.    This insurance Does not apply to any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

C.    The following definition is added to the Definitions Section:

"Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents, or byproducts produced or released by fungi.

*See* **Composite Exhibit "B"**, Fungi or Bacteria Exclusion Endorsement (PB2999 0215).

81.     Some or all of the claims as alleged in the Underlying Complaint are excluded by the Fungi or Bacteria Exclusion Endorsement contained in Nationwide's Businessowner's Policy.

<u>**NATIONWIDE'S UMBRELLA POLICY**</u>

82.     Nationwide issued four Commercial Umbrella Policies, Policy Nos. ACP CAF 5654994061; ACP CAF 5664994061; ACP CAF 5674994061; ACP CAF 5684994061 with policy periods covering from April 8, 2016 to April 8, 2020, to Huntington. *See* **Composite Exhibit "C"**.

83.     Nationwide's Umbrella Policy provides, in part, as follows:

Part A of Nationwide's Businessowner's Policy provides the following in its Insuring Agreement:

 A. Coverage A - Excess Follow Form Liability Insurance

  1. Under Coverage A, we will pay on behalf of the "insured" that part of "loss"[9] covered by this insurance in excess of the total applicable limits of "underlying insurance", provided the injury or offense takes place during the Policy Period of this policy. The terms and conditions of "underlying insurance" are, with respect to Coverage A, made a part of this policy except with respect to:

   a. any contrary provision contained in this policy; or

   b. any provision in this policy for which a similar provision is not contained in "underlying insurance".

  2. With respect to the exceptions stated above, the provisions of this policy will apply.

---

9 Nationwide's Umbrella Policy defines the term "Loss" as, "those sums actually paid in the settlement or satisfaction of a claim which the "insured" is legally obligated to pay as damages because of injury or offense, after making proper deductions for all recoveries and salvage." **Composite Exhibit "C"** at Definition A., Applicable to Coverage A and Coverage B, ¶4.

3. The amount we will pay for damages is limited as described in Limits of Insurance.

4. Notwithstanding anything to the contrary contained above, if "underlying insurance" does not cover "loss" for reasons other than exhaustion of an aggregate limit of insurance by payment of claims, then we will not cover such "loss".

5. We have no obligation under this insurance with respect to any claim or "suit" settled without our consent.

6. If we are prevented by law from paying on behalf of the "insured" for coverage provided under this insurance, then we will indemnify the "insured".

7. With respect to any coverage provided by "underlying insurance" that is on a claim- made basis:

   a. this insurance does not apply to "injury or damage" which occurred before the Retroactive Date, if any, shown in the "underlying insurance", or which occurs after the policy period; and

   b. the aggregate limit shall not be rein- stated on this insurance except by endorsement thereon.

**Composite Exhibit "C"**, Insuring Agreements, Coverage A.

84. To the extent that both Nationwide's Primary Policy, and its Businessowner's Policy do not provide coverage for the claims made in Underlying Plaintiffs' Underlying Complaint, as the terms and conditions of Nationwide's Primary Policy and its Businessowner's Policy are incorporated into and made a part of Coverage A of Nationwide's Umbrella Policy, to include not only coverage under Nationwide's Primary Policy and its Businessowner's Policy's Insuring Agreement, but also their exclusions (*see* Nationwide's Umbrella Policy, Exclusions, B. Applicable to Coverage A Only), there is no coverage under Coverage A of Nationwide's Umbrella Policy for the allegations contained in the Underlying Plaintiffs' Underlying Complaint, either.

## 2.    Coverage under the Insuring Agreement-Coverage B

85.    Coverage B - Umbrella Liability Insurance

1.  Under Coverage B, we will pay on behalf of the "insured" damages the "insured" becomes legally obligated to pay by reason of liability imposed by law because of "bodily injury", "property damage", or "personal and advertising injury" covered by this insurance which takes place during the Policy Period and is caused by an "occurrence". We will pay such damages in excess of the Retained Limit Aggregate specified in the Declarations or the amount payable by "other insurance", whichever is greater.

2.  Damages because of "bodily injury" include damages claimed by any person or organization for care or loss of services resulting at any time from "bodily injury".

3.  This coverage applies anywhere.

4.  The amount we will pay is limited as described in Limits of Insurance.

5.  Coverage B will not apply to any loss, claim or "suit" for which insurance is afforded under "underlying insurance" or would have been afforded except for the exhaustion of the limits of insurance of "underlying insurance".

6.  We have no obligation under this insurance with respect to any claim or "suit" settled without our consent.

7.  If we are prevented by law from paying on behalf of the "insured" for coverage provided under this insurance, then we will indemnify the "insured".

8.  This insurance applies to "bodily injury" and "property damage" only if:

    a.  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    b.  The "bodily injury" or "property damage" occurs during the "policy period"; and

    c.  Prior to the "policy period", no "insured" and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had

occurred, in whole or in part. If such a listed "insured" or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the "policy period" will be deemed to have been known prior to the "policy period".

9. "Bodily injury" or "property damage" which occurs during the "policy period" and was not, prior to the "policy period", known to have occurred by any "insured" or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the "policy period".

10. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any "insured" or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

   a. Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

   b. Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

   c. Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

11. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the "policy period".

**Composite Exhibit "C"**, Insuring Agreements, Coverage B—Umbrella Liability Insurance.

86.    Nationwide's Umbrella Policy, Coverage B, provides for the same types of coverage that both Nationwide's Primary Policy, and its Businessowner's Policy do: Coverage for (1) "damages because of 'bodily injury', 'property damage' and 'personal and advertising injury'", (2) caused by an "occurrence", (3) within the policy period.

87.     Within the Nationwide Umbrella Policy, "bodily injury" is defined as "physical injury, sickness, or disease sustained to a person, and, if arising out of the foregoing, mental anguish, mental injury, shock or humiliation, including death at any time resulting therefrom." *See* **Composite Exhibit "C"**, Definitions, C. Applicable to Coverage B Only, at ¶2.   Further, the Insuring Agreement for Coverage B also provides that "Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the 'bodily injury'". **Composite Exhibit "C"**, Insuring Agreements, Coverage B—Umbrella Liability Insurance, at ¶2.

88.     Nationwide's Umbrella Policy, defines "property damage" as,

> 1.     Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that cause it; or.

> 2.     Loss of use of tangible property that is not physically injured.  All such loss shall be deemed to occur at the time of the "occurrence" that cause it.

**Composite Exhibit "C"**, Definitions, C. Applicable to Coverage B Only, at ¶10.

89.     The Underlying Plaintiffs' claims for mental and emotial distress, as alleged by the clear wording of the Underlying Complaint do not constitute "damages because of 'bodily injury'" as that term is defined by Nationwide's Umbrella Policy.

90.     As to the Underlying Plaintiffs' claims for breach of contract damages and for accounting, such claims do not make claims for a legal obligation of Huntington to "pay" on account of "property damage" as that term is defined by Nationwide's Umbrella Policy.

40

91.     Nationwide's Umbrella Policy, defines "personal and advertising injury" as defines "personal and advertising injury" as follows:

> Injury, including consequential "bodily injury", arising out of one or more of the following offenses committed in the course of your business:
>
> a.      false arrest, detention or imprisonment;
> b.      malicious prosecution;
> c.      the wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premise that a person occupies, committed by or on behalf of its owner, landlord or lessor;
> d.      oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
> e.      oral or written publication, in any manner, of material that violates a person's right of privacy;
> f.      discrimination, unless insurance coverage therefore is prohibited by law or statute;
> g.      The use of another's advertising idea in your "advertisement"; or
> h.      Infringing upon another's copyright, trade dress or slogan in your "advertisement".

*See* **Composite Exhibit "C"**, Definitions, C. Applicable to Coverage B Only, at ¶9.

92.     None of the enumerated claims made in the Underlying Plaintiffs' Underlying Complaint fall within any of the "offenses" listed in the definition of "Personal and Advertising Injury" as that term is specifically defined in Nationwide's Umbrella Policy.  Hence, the allegations contained within the Underlying Plaintiffs' Underlying Complaint do not fall within the definition of "personal and advertising injury" as defined by Nationwide's Umbrella Policy.

93.     To the extent that the damages claimed by Underlying Plaintiffs constitute damages because of "bodily injury" or "property damage", that injury or damage must be caused by an "occurrence", as that term is defined under the Nationwide's Umbrella Policy, for coverage to lie.  **Composite Exhibit "C"**, Insuring Agreements, Coverage B— Umbrella Liability Insurance, at ¶¶1 & 8.a.

94.     Nationwide's Umbrella Policy defines "occurrence" as follow:

"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

An accident shall include:

a.     "Bodily injury," or

b.     "Property damage" to:

(1)     The property of others, or

(2)     "Your work", if "your work" was:

(a)     Damaged by the work of a subcontractor who performed work on your behalf in the construction, alteration, renovation, repair or maintenance of a building, structure, highway, road, bridge, water line, sewer line, oil line, gas line, appurtenance or other improvement ot real property, including any moving, demolition or excavation, and;

(b)     The resulting "property damage" is included in the "products completed operations hazard."

**Composite Exhibit "C"**, Definitions, A. Applicable to Coverage A and Coverage B, at ¶6, as amended by Definition of Occurrence Amendatory Endorsement for Construction Defects (UMB7012 0514).

95.     To the extent that Underlying Plaintiffs' claims against Huntington are derivative of intentional conduct of either itself of one of its subcontractors, just as such subcontractor's conduct would not fall within the definition of an "occurrence" under Nationwide's Umbrella Policy, neither would the related derivative claims made against Huntington.

96.     Underlying Plaintiffs' claims for breach of contract, breach of implied warranties and breach of express warranties against Huntington for the provision of allegedly defective workmanship in the construction of the house at issue do not allege property damage caused by an "accident", and thus an "occurrence" as that term is defined under Nationwide's Umbrella Policy.

97.     Underlying Plaintiffs' claims that Huntington's actions were "willful, intentional, malicious, and in reckless disregard of the plaintiff's rights" justifying an award of $500,000 for each Underlying Plaintiff and punitive damages do not constitute claims of damage caused by an "accident" and thus an "occurrence" as that term is defined by Nationwide's Umbrella Policy.

**a.     Exclusions Applicable to both Coverage A and Coverage B.**

98.     Nationwide's Umbrella Policy provides that, under Coverage A and Coverage B, its insurance does not apply to:

**Your Work Exclusion**

99.     Nationwide's Umbrella Policy provides for the following exclusion applicable to both Coverage A and Coverage B:

Damage To "Your Work"

"Injury or damage"10 or "property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**Composite Exhibit "C"**, Exclusions, Applicable to Coverage A and Coverage B., at ¶7.

100.    The Damage to Your Work Exclusion contained in Nationwide's Umbrella Policy excludes coverage for some or all of the allegations contained in the Underlying Plaintiffs' Underlying Complaint.

### Fungi Or Bacteria Exclusion

101.    Nationwide's Umbrella Policy provides for the following exclusion applicable to both Coverage A and Coverage B:

102.    Fungi Or Bacteria

a.       "Injury or damage", "bodily injury", "property damage" or "personal and advertising injury" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation or, ingestion or, contact with, exposure to, existence of, or presence of, any "fungi11" or bacteria on or within a building or structure, including its contents, regardless of whether any other caue, event, material or product comtributed concurrently or in any sequence to such "Injury or damage", "bodily injury", "property damage" or "personal and advertising injury".

b.       Any loss, const or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, contaiing , treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

---

10      Nationwide's Umbrella Policy defines "Injury or damage" as "any injuyur o rdamge ocvered in the applicale "underlying insurance" arising from an "occurrence". **Composite Exhibit "C"**, Definitiaons, Applicable to Coverage A only, at ¶1.

11      Nationwide's Umbrella Policy defines "fungi" as, "any timpe or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi." **Composite Exhibit "C"**, Definitiaons, Applicable to Coverage A and Coverage B., at ¶3.

> This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for bidily consumption.

**Composite Exhibit "C"**, Exclusions, Applicable to Coverage A and Coverage B., at ¶9.

103.   Some or all of the claims as alleged in the Underlying Complaint are excluded by the Fungi or Bacteria Exclusion contained in Nationwide's Umbrella Policy.

### Punitive Damages Exclusion

104.   Any otherwise covered claims for punitive or exemplary damages made by the Underlying Plaintiffs against Huntington would otherwise be excluded under both Coverage A and B to Nationwide's Umbrella Policy. **Composite Exhibit "C"**, Exclusions A., Applicable to Coverage A and Coverage B., at ¶10.

### b.   Exclusions Applicable to Coverage A, only.

105.   Nationwide's Umbrella Policy provides for the following exclusion applicable to only Coverage A:

106.   Nationwide's Umbrella Policy states, in pertinent part as follows:

### Other Than Auto Pollution Exclusion

a.   "Injury or damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants"[12]:

1)   At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured. However, this subparagraph does not apply to:

---

12   Nationwide's Umbrella Policy defines "pollutants" as:

> [A]ny solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalids, chemicals and waste.  Waste includes materials to be recycled, reconditioned or reclaimed.

**Composite Exhibit "C"**, at Definition A., Applicable to Coverage A and Coverage B, ¶8.

. . .

> b)   "Injury or damage" for which you may be held liable, if you are a contractor and the owner or lessee of such premises, site or location has been added policy as an additional insured with respect to your ongoing operations performed for that additional insured at that premises, site or location and as such premises, site or location is not and never was owned or occupied by, or rented or loaned to, any insured, other than that additional insured; or

. . .

**Composite Exhibit "C"**, Exclusions B., Applicable to Coverage A only, at ¶3.

107.   Some or all of the claims as alleged in the Underlying Complaint are excluded by the Other Than Auto Pollution Exlcusion contained in Nationwide's Umbrella Policy.

### c.   Exclusions Applicable to Coverage B, only.

108.   Nationwide's Umbrella Policy provides that, Coverage B, its insurance does not apply to:

### The Expected or Intended Injury Exclusion

1.   Expected Or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

*See* **Composite Exhibit "C"**, Exclusions, C. Applicable to Coverage B Only, at ¶1.

109.    The "Expected or Intended Injury" exclusion, applicable to Coverage B, only, to Nationwide's Umbrella Policy precludes coverage for some of the claims made in the Underlying Plaintiffs' Underlying Complaint.

### Contractual Liability Exclusion

"Bodily injury", "property damage" or "personal and advertising injury" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.

This exclusion does not apply to liability for damages that the "insured" would have in the absence of the contract or agreement.

*See* **Composite Exhibit "C"**, Exclusions, C. Applicable to Coverage B Only, at ¶2.

110.    The "Contractual Liability" exclusion, applicable to Coverage B, only, to Nationwide's Umbrella Policy, precludes coverage for some of the claims made in the Underlying Plaintiffs' Underlying Complaint.

### The Impaired Property Liability Exclusion

111.    Nationwide's Umbrella Policy states, in pertinent part as follows:

This insurance does not apply to:  . . .

10.    Damage to Impaired Property or Property not Physically Injured
       "Property damage" to "impaired property"[13] or property that has not been physically injured, arising out of:

---

[13]    Nationwide's Umbrella Policy  defines "Impaired property" as:

Tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

a.    Incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous;  or

b.    You have failed to fulfill the terms of a contract or agreement;

(1)   A defect, deficiency, inadequacy or dangerous condition, "your product" or "your work";  or

(2)   A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with the terms.

This Exclusion does not apply to loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

*See* **Composite Exhibit "C"**, Exclusions, C. Applicable to Coverage B Only, at ¶10.

112.   The Damage to Impaired Property or Property not Physically Injured Exclusion contained in Nationwide's Umbrella Policy excludes coverage for some or all of the allegations contained in the Underlying Plaintiffs' Underlying Complaint.

### The Pollution Exclusion

113.   Nationwide's Umbrella Policy also contains the following exclusion:

15.   Pollution

a.   Bodily injury", "property damage" or "personal and advertising injury" which would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time; or

b.   Any loss, cost or expense arising out of any:

1)   Request, demand, order or statutory or regulatory requirement that any insured or

---

if such property can be restored to use by:

a.   The repair, replacement, adjustment or removal of "your product" or "your work";  or

b.   Your fulfilling the terms of the contract or agreement.

*See* **Composite Exhibit "C"**, Definitions, C. Applicable to Coverage B Only, at ¶6.

others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any wayrespond to, or assess the effects of, "pllutants"; or

. . .

*See* **Composite Exhibit "C"**, Exclusions, C. Applicable to Coverage B Only, at ¶15.

114.    Some or all of the claims as alleged in the Underlying Complaint are excluded by the Pollution Exlcusion contained in Nationwide's Umbrella Policy.

## COUNT I– DECLARATORY JUDGMENT AS TO COVEARAGE UNDER NATIONWIDE'S PRIMARY POLICY FOR THE CLAIMS MADE WITHIN THE UNDERLYING COMPLAINT

115.    Nationwide incorporates the above allegations herein by reference, and would further show as follows:

116.    The terms, conditions, exclusions and endorsements of Nationwide's Primary Policy are clear and unambiguous.

117.    Nationwide's Primary Policy does not provide coverage for the claims, demands and damages made and/or sought against Defendant, Huntington by the Underlying Plaintiffs in the Underlying Complaint.

## COUNT II– DECLARATORY JUDGMENT AS TO COVEARAGE UNDER NATIONWIDE'S BUISINESSOWNER'S POLICY FOR THE CLAIMS MADE WITHIN THE UNDERLYING COMPLAINT

118.    Nationwide incorporates the above allegations herein by reference, and would further show as follows:

119.    The terms, conditions, exclusions and endorsements of Nationwide's Buisnessowner's Policy are clear and unambiguous.

120.    Nationwide's Buisnessowner's Policy does not provide coverage for the claims, demands and damages made and/or sought against Defendant, Huntington by the Underlying Plaintiffs in the Underlying Complaint.

## COUNT III– DECLARATORY JUDGMENT AS TO
## COVEARAGE UNDER NATIONWIDE'S UMBRELLA POLICY FOR THE
## CLAIMS MADE WITHIN THE UNDERLYING COMPLAINT

121.    Nationwide incorporates the above allegations herein by reference, and would further show as follows:

122.    The terms, conditions, exclusions and endorsements of Nationwide's Umbrella Policy are clear and unambiguous.

123.    Nationwide's Umbrella Policy does not provide coverage for the claims, demands and damages made and/or sought against Defendant, Huntington by the Underlying Plaintiffs in the Underlying Complaint.

**WHEREFORE, PREMISES CONSIDERED**, Nationwide prays that this Court:

A.    Declare that the terms and conditions of Nationwide's Primary Policy, Nationwide's Buisnessowner's Policy and Nationwide's Umbrella Policy relieve Nationwide of some or any duty which otherwise exists to provide coverage, including a duty of defense and/or indemnification to Huntington for any and all claims made in the Underlying Complaint; and

B.    Enjoin each and every one of these Defendants from either initiating or prosecuting a suit or any other action, including any post-judgment remedial action or garnishment against Nationwide, or one another, until such time as this Court declares the rights and duties of the parties requested above; and

C.    Advance this cause on the Court's calendar as authorized by Federal Rule of Civil Procedure 57;

D.    Grant Nationwide such other general relief as this Court deems appropriate; and

E.     Declare Huntington is not entitled to defense costs, including but not limited to attorney's fees and expenses, from Nationwide incurred in defense of the instant action for declaratory judgment.

**FURTHERMORE**, Nationwide prays that this Complaint for Declaratory Relief be received and that the declaratory relief be entered on each of the issues set forth above.

**FURTHERMORE**, Nationwide prays that this Court grant it any and all other relief that it deems just and equitable in the premises.

**RESPECTFULLY SUBMITTED** on this the 15th day of July, 2022.

> **NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY**
>
> By:     */s/ Clyde X. Copeland, III*
> CLYDE X. COPELAND, III

OF COUNSEL:

CLYDE X. COPELAND, III, (MSB# 10322)
JERNIGAN COPELAND ATTORNEYS, PLLC
970 Ebenezer Blvd.
P.O. Box 2249
Madison, Mississippi 39110-2249
Telephone: (601) 427-0021
Facsimile:  (601) 427-0051
ccopeland@jcalawfirm.com