IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**NATIONWIDE PROPERTY & CASUALTY INSURANCE CO.**,

*Plaintiff*,

v.

CAUSE NO. 3:22-CV-00403-CWR-LGI

**MIKELL BUCKLEY; NICOLE DONALD; HUNTINGTON LUMBER & SUPPLY COMPANY, INC.; JOHN HUNTINGTON; ABC INDIVIDUALS 1-20; and XYZ ENTITIES 1-20**,

*Defendants*.

## ORDER

The Declaratory Judgment Act empowers federal courts to issue declaratory judgments in any case in which the court has jurisdiction. Sometimes, though, a court's exercise of that authority threatens to interfere with pending litigation in state court. When that happens, the federal court must decide whether to proceed in parallel or to stay the federal proceedings while the state litigation concludes. That is the question presented in this *Motion to Abstain or Stay* by Defendants Mikell Buckley and Nicole Donald. Docket No. 13.

In light of the high standard for abstention in the Fifth Circuit, and the lack of "exceptional circumstances" presented, the Defendants' motion is denied.

**I.   Factual and Procedural History**

On April 19, 2019, Defendants Mikell Buckley and Nicole Donald sued Huntington Lumber and Supply Company, Inc. and John Huntington (together, "Huntington") for

breach of the warranty of habitability, breach of contract, and negligence in the Chancery Court of Copiah County, Mississippi. Docket No. 2, Ex. D. The Complaint alleges that in May 2016, Buckley and Donald contracted to pay Huntington $388,642.00 to build their home by October 31, 2017. *Id.* But apparently, Huntington never finished the job. *Id.* According to Buckley and Donald, by the time they filed their Complaint, their home was still not complete, even though they had paid Huntington approximately $534,000.00. *Id.*

On December 7, 2021, Chancellor Joseph Durr entered partial summary judgment on some claims. Other claims remain live on the Chancery Court's docket at the time of this Order. Docket No. 13-1.

Enter Nationwide Property & Casualty Insurance Company ("Nationwide"). Nationwide is Huntington's insurer. As part of its insurance contract with Huntington, Nationwide agreed to "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which the insurance applies." Docket No. 1, Ex. A. More than that, though, Nationwide agreed to "defend the insured against any 'suit' seeking [such] damages." *Id.*

Instead of doing either of those things, Nationwide brought this federal action against Buckley, Donald, Huntington, and various unnamed defendants, asking the court to, among other things: (1) "[d]eclare that the terms and conditions of [its policies] relieve Nationwide" of its duty to defend or indemnify Huntington against the state court claims; (2) "enjoin each one of these Defendants from either initiating or prosecuting a suit or any other action" against Nationwide; and (3) "[d]eclare [that] Huntington is not entitled to defense costs . . . from Nationwide incurred in defense of the instant action for declaratory judgment." Docket No. 1 at 50-51.

Shortly after Nationwide initiated this action, Buckley and Donald moved in state court to amend their original complaint to add Nationwide as a defendant. Docket No. 13-1. Chancellor Durr granted leave to amend, and Buckley and Donald served the amended complaint on Nationwide the next day. *Id*. Just under two weeks later, Buckley and Donald filed the instant motion to dismiss or stay the federal court action. Docket No. 13.

Buckley and Donald argue that it is "uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Id*. at 1 (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) and *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942)) (internal quotations omitted). "Under those circumstances," they argue, the Court should apply the *Brillhart* factors as identified by the Fifth Circuit in *Sherwin-Williams v. Holmes County*, 343 F. 3d 383, 387 (5th Cir. 2003), and stay this federal declaratory judgment action. *Id*.

Nationwide disagrees. It first argues that the court need not reach the abstention analysis because no threat of "parallel litigation" exists. Docket No. 20 at 6. According to Nationwide, at the time it filed this federal action, Nationwide was not a party in the underlying state court action, and, in any event, the issues presented in this case are different from those alleged in the state-court action. *Id*. at 5-6.

Next, Nationwide argues that, assuming parallel litigation, Buckley and Donald misconstrue the standard for abstention in cases like this one. *Id*. at 4. Because its federal Complaint seeks declaratory *and* injunctive relief, "the trial court *must* apply the standards enunciated in *Colorado River* [*Water Conservation District v. United States,* 424 U.S. 800, 817 (1976)]." *Id*. at 14 (citing *Black Sea Inv., LTD v. United Heritage Corp.*, 204 F.3d 647, 652 (5th Cir.

3

2000)) (internal quotations omitted) (emphasis in original). Under that standard, abstention "is not appropriate," Nationwide argues. *Id.* at 16.

## II.     Legal Standard

Under the Declaratory Judgment Act, federal courts "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. However, federal courts are "under no compulsion to exercise [this] jurisdiction." *Brillhart*, 316 U.S. at 494. And when the request for relief comes to the court during the pendency of a state-court proceeding, the federal court must take care not to trample on the state-court process. So, the fundamental question district courts must consider when presented with a suit under the Declaratory Judgment Act is "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." *Id.*

The standard changes when a party seeks a "coercive remedy" (*e.g.*, damages or injunctive relief) in addition to declaratory judgment. In those situations, the court's discretion is guided by the factors set forth in *Colorado River,* 424 U.S. at 817. *See New England Ins. Co. v. Barnett*, 561 F.3d 392, 395-96 (5th Cir. 2009). The *Colorado River* factors include "(1) assumption by either court of jurisdiction over a *res*; (2) the relative inconvenience of the forums; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether and to what extent federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction." *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 (5th Cir. 1999).

4

Application of *Colorado River* is only required where there is parallel litigation occurring in the state and federal courts. Absent the threat of parallel or duplicative litigation, the federal courts have an "unflagging obligation . . . to exercise the jurisdiction given to them." *Colorado River*, 424 U.S. at 818; *see also Stewart v. Western Heritage*, 438 F.3d 488, 491 n.3 (5th Cir. 2006) ("If the suits are not parallel, the federal court must exercise jurisdiction.").

### III. Discussion

#### A. Parallel Litigation

The Court must first determine if "parallel litigation" exists, such that abstention might be warranted. In determining whether the proceedings are sufficiently parallel, we look to see whether the actions involve "the same parties and the same issues." *Stewart*, 438 F.3d at 491. But we do not insist upon absolute precision. *RepublicBank Dallas, Nat. Ass'n v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987)). It is enough that the parties and issues be substantially the same. *Id.*; *see also Kenner Acquisitions, LLC v. BellSouth Telecommunications, Inc.*, No. 06-3927, 2007 WL 625833, at *2 (E.D. La. Feb. 26, 2007).

Nationwide argues that in deciding whether the state and federal claims are the same, the Court should compare the claims as they existed at "the time of filing of this declaratory action." Docket No. 20 at 5. At that time, Nationwide argues, Buckley and Donald had asserted no claim against it in their state-court action, even though "Nationwide was in fact known to [them] as early as October 26, 2020." *Ibid*. But Nationwide identifies no authority to support such a stringent temporal restriction on which claims count for purposes of claim comparison. To the contrary, the abstention cases this Court has reviewed are either silent on

the question or appear to compare the claims at the time the motion to stay was filed in the federal court.[1]

Comparing the claims as they exist at the time the motion to stay was filed is the better approach because it best comports with the purpose of the abstention doctrine. Based in "principles of federalism, comity, and conservation of judicial resources," *Black Sea*, 204 F.3d at 650, abstention enables us to respect the competence of state courts and their processes. In state court, as in federal court, litigation is a multi-step endeavor. Regardless of what issues and parties were before the state court initially, the fluid nature of litigation allows for new issues and parties to be added, which alters the nature of the action. The process of amending a complaint contemplates that such an event might occur. Thus, there may come a time during a state-court litigation when, through the process of amendment, the state action begins to mirror a later-filed federal action, even though the two actions would have been different in their original form. Respect for the competence of state courts requires that we treat as valid a state court's decision to allow a plaintiff to amend its complaint under that state's rules, regardless of whether that amendment came after the initiation of a federal action. A rule that ignores the status of a state-court action after a federal action is filed undermines each of the principles on which abstention is based.

---

[1] *See, e.g.*, *PPG Industries, Inc. v. Continental Oil Co.*, 478 F.2d 674 (5th Cir. 1973) (comparing the federal and state actions after the state action was amended in state court); *New England Ins. Co. v. Barnett*, 561 F.3d 392, 397-98 (5th Cir. 2009) (finding that, in determining the *nature* of an action for purposes of claim comparison, a counterclaim should be considered). In *Colorado River* itself, the federal action was filed before the state action. 424 U.S. at 806. There, the Supreme Court allowed the federal court to stay the federal action until the state action concluded. Under Nationwide's temporal theory, however, the federal court would not have been able to abstain because the federal action was first in time and "no state action would have qualified as 'parallel litigation' under [this Circuit's] definition." Docket No. 20 at 5.

That Nationwide might ultimately become a party would not be foreign to Nationwide under the state's rules governing amendments, joinder, and interpleader. Miss. R. Civ. P. 15 18, 19, 20, 22. In the normal course, these rules allow plaintiffs and defendants to add new parties or claims to a lawsuit, when those parties or claims are factually related to the underlying action. In Mississippi state court, as in federal court, these rules are time-constrained so as to place potential defendants on notice that they may be liable up to a date-certain. This constraint serves the same purpose as a statute of limitations in allowing potential defendants to plan their lives and business activities around the potential lawsuit.

The rule Nationwide urges would undermine the state's joinder and interpleader rules and thereby unduly interfere with state court procedure. It would allow potential defendants to cut short a state-court process merely by filing a federal action seeking declaratory and injunctive relief on a claim that the state-court plaintiff or defendant could still timely raise in the pending state-court litigation. This creates perverse incentives for enterprising potential defendants and robs state-court litigants of the full use of state-court process. Each of these things raises federalism and comity concerns.

In this case, the state court allowed Buckley and Donald to amend their Complaint to add Nationwide as a party and to assert new claims against Nationwide. This Court presumes the validity of the state court's decision, so will compare the claims in Nationwide's federal action against those in the state-court action, as they appear in the First Amended Complaint.

Buckley's and Donald's First Amended Complaint (FAC) alleges the same state-law breach of contract and tort law issues against Huntington as its original complaint. Docket No. 13-2. The FAC goes further in joining Nationwide as a Defendant and arguing that under

7

state law, Nationwide's policies cover the Defendants' liability on the state-court Plaintiffs' substantive claims. *Id*. at 9-10. The FAC further alleges that the contract interpretation issues presented in Nationwide's federal declaratory judgment action would necessarily be resolved by the state-court in the course of deciding the issues presented in the FAC. *Id*. These claims are substantially the same as those presented in this federal declaratory judgment action.

Since the claims in the state-court action and this federal action involve substantially the same parties, the same nucleus of facts, and the same contractual relationships and provisions, the Court finds the issues are sufficiently parallel to consider abstention in furtherance of comity and conservation of judicial resources. This conclusion is supported by the Fifth Circuit's decision in *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788 (5th Cir. 2014). The causes of action in *African Methodist Episcopal Church* were not precisely the same, but the Fifth Circuit found that the disposition of the state-court action would "necessarily dispose of all claims asserted . . . in the federal action," which made the Fifth Circuit "comfortable that the [state-court action] and the federal action [were] sufficiently parallel." *Id*. The same result amounts here.

### B. The Colorado River *Factors*

Having found that the proceedings are sufficiently parallel, the court will proceed to apply the *Colorado River* factors. Rather than applying these factors "mechanically," the Court must carefully balance each, "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).

### 1) Assumption by Either Court of Jurisdiction Over a Res

Neither court has jurisdiction over a res. Docket No. 20 at 16. "The absence of this factor weighs against abstention." *Murphy v. Uncle Ben's Inc.*, 168 F.3d 734, 738 (5th Cir. 1999).

### 2) The Relative Inconvenience of the Fora

The second factor is concerned with determining which court is better positioned geographically to adjudicate the underlying dispute. When the state and federal courts are in the same geographic location or in approximately the same location within the state, "the inconvenience factor weighs *against* abstention." *Stewart*, 438 F.3d at 492. Here, both suits are pending in courts within the geographic coverage of the Southern District of Mississippi, about 35 miles apart. Therefore, this factor weighs against abstention. *Id*.

### 3) Avoidance of Piecemeal Litigation

Under Fifth Circuit precedent, this factor is not concerned with the threat of duplicative litigation, but rather with "the avoidance of *piecemeal* litigation, and the concomitant danger of inconsistent rulings with respect to a piece of property." *Black Sea*, 204 F.3d at 650–51 (emphasis in original). Where there is "no danger of inconsistent rulings affecting property ownership," this factor does not weigh in favor of abstention. *Evanston*, 844 F.2d at 1192. Here, the Court has already determined that no property ownership rights are at issue. Thus, this factor weighs against abstention.

### 4) Order in Which Jurisdiction Was Obtained

This factor is not measured by "'which complaint was filed first, but rather in terms of how much progress has been made in the two actions.'" *Black Sea*, 204 F.3d at 651 (citing *Moses*, 460 U.S. at 21). In this case, the state-court action was filed in 2019 and "is nearing maturity and trial." Docket No. 13-2 at 8. As recently as July 8, 2022, the parties" convened a

9

mediation" to discuss the "substantial likelihood of settlement." Docket No. 23 at 1. That the mediation was "derailed" on account of disputes between the insurer and the insured does not detract from the Chancellor's obvious efforts to resolve the matter, even in light of the COVID-19 pandemic. *Id*. On the other hand, though, the federal action before this Court is still at the pleadings stage, and this Court has not yet entered any substantive rulings.

Despite the progress of the state-court action, the Fifth Circuit has instructed that "this factor only favors abstention when the federal case has not proceeded past the filing of the complaint." *Stewart*, 438 F.3d at 493. This action has certainly proceeded beyond the filing of the complaint. Therefore, the Court finds that this factor does not weigh in favor of abstention.

5) *Whether State or Federal Law Will Be Applied*

Both the state and federal actions here involve only issues of state law. That would ordinarily counsel in favor of having the issue adjudicated in state court. Under Fifth Circuit precedent, however,

> the absence of a federal-law issue does not counsel in favor of abstention. Our task in cases such as this is not to find some substantial reason for the exercise of federal jurisdiction by the district court; rather, the task is to ascertain whether there exists 'exceptional circumstances,' the 'clearest of justifications,' that can suffice under *Colorado River* to justify the surrender of that jurisdiction. Thus, the presence of state law issues weighs in favor or surrender only in rare circumstances.

*Black Sea*, 204 F.3d at 651 (quotations omitted). This case presents no such circumstance. This factor is therefore neutral.

6) *Adequate Protection in State Court*

There is no reason to believe that Nationwide will not receive adequate protection in the state court or that the state court would not serve as an adequate forum for Nationwide.

And Nationwide does not contend otherwise. But in weighing this factor, the Court is mindful that it "can only be a neutral factor or one that weighs against, not for, abstention." *Id.* at 652. Thus, the Court finds that despite the availability of adequate protection for Nationwide in the state-court action, this factor remains neutral.

Given that all the *Colorado River* factors are either neutral or weigh against abstention, the Court declines to stay the federal court proceedings.

## IV. Conclusion

For the foregoing reasons, the defendants' *Motion to Abstain or Stay* is denied.[2]

**SO ORDERED**, this the 21st day of November, 2022.

s/ Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE

---

[2] In their Reply Brief, Docket No. 23, Buckley and Donald remark that Nationwide simply "ignore[ed]" the "stay" portion of their motion, while focusing on the abstention discussion. But Buckley and Donald never briefed the stay issue as distinct from the abstention issue. So, the Court does not reach that issue. If Buckley and Donald wish to seek a discretionary stay under the Court's inherent authority, it would need to show "genuine necessity." *Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co.*, 761 F.2d 198, 203 n. 6 (5th Cir. 1985). No such showing has been made in the current motion.